**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Michael Van Kirk, et al., | No. CV-20-01961-PHX-SMB |
| Plaintiffs, | **ORDER** |
| v. | |
| Local 469 United Association of Journeymen and Apprentices of the Plumbing and Pipefitting Industry of the United States and Canada, AFL-CIO, et al., | |
| Defendants. | |

Pending before the Court is Plaintiffs' Rule 60(b)(1) Motion for Relief from the Court's July 6, 2022 Order. (Doc. 110.) Defendants filed a Response (Doc. 118) and Plaintiffs filed a Reply (Doc. 125). Plaintiffs requested oral argument (*see* Doc. 110 at 1), but seeing as the Motion is fully briefed, the Court exercises its discretion to decline the request as it would be unnecessary. *See* LRCiv 7.2(f) ("The Court may decide motions without oral argument."). After considering the parties' arguments and the relevant law, the Court will deny Plaintiffs' Rule 60(b)(1) Motion for the following reasons.

I.      **BACKGROUND**

In its July 6, 2022 Order, the Court resolved the parties' competing motions for summary judgment. *See Kirk v. Local 469 United Ass'n of Journeyman and Apprentices of the Plumbing and Pipefitting Indus. of the U.S. and Can., AFL-CIO*, No. CV-20-01961-PHX-SMB, 2022 WL 2473429, at *1 (D. Ariz. July 6, 2022). The Court granted in part and denied in part both parties' summary judgment motions and ultimately ordered

1   Defendants to produce itemized credit card receipts from May 16, 2014 through 2017.  *Id.*

2   at *6–7.  Plaintiffs then moved for relief under Federal Rule of Civil Procedure 60(b)(1)

3   "on grounds of mistake and inadvertence."  (Doc. 110 at 1.)

4   **II.**   **LEGAL STANDARD**

5        Rule 60(b)(1) allows courts to "relieve a party or its legal representative from a final

6   judgment, order, or proceeding for . . . mistake, inadvertence, surprise, or excusable

7   neglect."  "Rule 60(b) provides for extraordinary relief and may be invoked only upon a

8   showing of exceptional circumstances."  *Engleson v. Burlington N.R. Co.*, 972 F.2d 1038,

9   1044 (9th Cir. 1992) (cleaned up).   Rule 60(b)(1)'s "mistake" provision permits

10   "reconsideration of judgments only where: (1) a party has made an excusable litigation

11   mistake or an attorney in the litigation has acted without authority from a party, or (2)

12   where the judge has made a substantive mistake of law or fact in the final judgment or

13   order."  *Sheldon v. Vermonty*, 189 F.R.D. 444, 446 (D. Kan. 1999).  "Like a motion to

14   reconsider, a motion under Rule 60(b) is not a second opportunity for the losing party to

15   make its strongest case, to rehash arguments, or to dress up arguments that previously

16   failed."  *Kustom Signals, Inc. v. Applied Concepts, Inc.*, 247 F.Supp.2d 1233, 1235 (D.

17   Kan. 2003).

18   **III.**   **DISCUSSION**

19        Plaintiffs identify no legal or factual errors that warrant Rule 60(b)(1) relief.

20   Plaintiffs argue the Court erred in its analysis of whether Defendant Butler violated Section

21   9.12 of Local 469's bylaws ("Section 9.12") by not determining whether Butler was

22   "withholding documents in any of the categories sought by Plaintiffs."  (Doc. 110 at 4–5.)

23   Plaintiffs further dispute the Court's finding that Defendant Butler did not violate his

24   fiduciary duties.  (Doc. 110 at 7.)  Plaintiffs also argue the Court erred when it limited

25   Plaintiffs' right of access "to only those receipts from May 16, 2014 through the end of

26   2017." (*See* Doc. 110 at 3–4.)  The Court will address each in turn.

27        Without citation to contrary legal authority, Plaintiffs seem to suggest the Court

28   erred in giving deference to Defendant Butler's interpretation of Section 9.12.  On this

basis, Plaintiffs assert the Court should have determined whether the Defendants violated Section 9.12 by "withholding documents in any of the categories sought by Plaintiffs," in addition to any entitlement to access under the LMRDA.  (Doc. 110 at 5.)  Plaintiffs misstate the Court's ruling.  The Court found no violations of Section 9.12 because the caselaw establishes that a union's interpretation of its own bylaws is entitled to deference.  *See N.L.R.B. v. Electra-Food Mach., Inc.*, 621 F.2d 956, 958 (9th Cir. 1980).  While Plaintiffs offered their own interpretation of Section 9.12, they (again) failed to establish why Defendant Butler's interpretation was unreasonable.  Because the Court found *no violations* of Section 9.12, it follows that the Court did not fail to consider whether Plaintiffs were entitled to more access to itemized credit card receipts than was provided under the LMRDA.  Plaintiffs conceded that without a violation of Section 9.12, the Court cannot find Defendant Butler breached his fiduciary duty.  *Kirk*, 2022 WL 2473429, at *11.  The Court thus denies Plaintiffs' request for Rule 60(b) relief on these bases.

Plaintiffs similarly fail to cite legal authority to support their position that the LMRDA provides them "broader" access outside the deadline cited in the Court's July 6, 2022 Order.  *See id.* at *7 (limiting Plaintiffs' request for itemized receipts to those originating from May 16, 2014 through the end of 2017).  Plaintiffs' Motion does not necessarily dispute the second (and most relevant) limitation provided by the LMRDA— that the documents sought be "*necessary*" to verify an LM-2 report, *see id.* at 6 (citing 29 U.S.C. § 431(c)).  Plaintiffs instead argue that Section 9.12 permits them greater access than the statute, "even under Defendant Butler's construction of [the] language."  (Doc. 110 at 6.)  The Court reiterates that Defendant Butler's interpretation of Section 9.12 was reasonable, and that interpretation provided members "a right to inspect, but not copy, the 'books.'"  (Doc. 73 at 15); *see also Kirk*, 2022 WL 2473429, at *10.  The Court's July 6 Order required Defendants to produce itemized credit card receipts as required by the LMRDA, subject to the relevant limitations.  *See Kirk*, 2022 WL 2473429, at *11.  By finding and reconfirming that Defendant Butler did not violate Section 9.12, the Court did and does impliedly reject any entitlement to Defendants' *production* of those receipts under

Local 469's bylaws.  Rule 60(b) relief is thus not available on this basis.

## IV.    CONCLUSION

Accordingly,

**IT IS ORDERED** denying Plaintiffs' Rule 60(b)(1) Motion.  (Doc. 110.)

Dated this 1st day of December, 2022.

Honorable Susan M. Brnovich
United States District Judge